JOSEPH RICHARDS *vs.* INDIANAPOLIS ABATTOIR COMPANY ET AL. (INDIANAPOLIS ABATTOIR COMPANY ET AL. APPEAL FROM COMPENSATION COMMISSIONER.)

Third Judicial District, Bridgeport, October Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, JS.

An injury to an employee may be said to arise "in the course of his employment" when it occurs within the period of his employment, at a place where he reasonably may be, and while he is reasonably fulfilling the duties of his employment, or is engaged in doing something incidental to it.

An employee after having worked outside in wintry weather for several hours, came in, and while awaiting his opportunity to use a freight elevator to carry up beef for his employer, sat down in front of the fire-box of the boiler, fell asleep, and a few minutes thereafter was awakened by finding his greasy clothing on fire. *Held* that upon these facts the commissioner, and the Superior Court upon appeal, properly ruled that the plaintiff's injury arose "out of and in the course of his employment," within the meaning of that expression in our Workmen's Compensation Act.

Submitted on briefs October 25th—decided December 15th, 1917.

APPEAL by the defendants from a finding and award of the Compensation Commissioner for the third dis-

trict in favor of the plaintiff, taken to and tried by the Superior Court in New Haven County, *Warner, J.;* the court confirmed the action of the Compensation Commissioner and dismissed the appeal, and from this judgment the defendants appealed. *No error.*

The Commissioner found these facts: The plaintiff was a driver of the defendant employer, and on the day of the injury had been engaged in his employment from about six o'clock in the morning up to about twelve o'clock noon, during which his work had been hard. Shortly before noon the plaintiff came in from his route, did some duties about his employer's premises, and shortly after twelve o'clock started to take some beef upon an elevator which was used jointly by his employer and by another concern. The elevator was at that moment in use and was likely to be in use for a period of at least fifteen minutes. The course of duty of the plaintiff called for waiting until the elevator was free. While waiting for the elevator to become free, he sat down upon a nail keg about seven feet from the elevator and about four feet from a boiler used in connection with his employer's premises, and in front of the so-called fire-box of the boiler. The weather was cold, and the plaintiff sat upon the keg for the purpose of getting warm as well as for the purpose of waiting for the freeing of the elevator from other use. The sitting upon the nail keg while waiting for the elevator was a proper course of conduct on his part. The duties of the plaintiff involved carrying meat, and he properly wore an apron which naturally became greasy from the meat. There was no evidence as to whether the door of the fire-box was open or not. At the time he sat down, and also at the time of the injury, he was alone in that part of the premises. After sitting down, he dozed off and fell asleep, and a few minutes thereafter was awakened by finding himself

afire. The falling asleep of the plaintiff was natural in the case of a man who had been engaged in hard work for the whole morning in the cold and who at the time was sitting in a hot place. The falling asleep was not the result of any conscious effort on the part of the plaintiff but came simply from drowsiness which crept over him as the result of his previous exertion, the cold to which he had been exposed, and the presence of the heat. Upon awakening he rushed out and the fire was extinguished by the efforts of fellow employees in another part of the building, after inflicting severe burns upon his legs. The fire in question resulted from the proximity of the plaintiff to the fire-box and boiler, and came either from the heat imparted by the fire-box or boiler, or from a flying bit of coal.

The defendants claimed that the injury did not arise out of and in the course of the employment. This claim was overruled by the Commissioner and by the court below.

*Edmund Zacher* and *William B. Ely,* for the appellants (defendants).

*Frederick L. Perry* and *Alfred W. Weil,* for the appellee (plaintiff).

RORABACK, J. Generally speaking, "an injury to an employee may be said to arise 'in the course of his employment,' when it occurs within the period of his employment, at a place where he reasonably may be, and while he is reasonably fulfilling the duties of his employment, or is engaged in doing something incidental to it." *Larke* v. *Hancock Mutual Life Ins. Co.,* 90 Conn. 303, 97 Atl. 320; *Mann* v. *Glastonbury Knitting Co.,* 90 Conn. 116, 119, 96 Atl. 368.

The controlling question here presented is whether

Richards, the plaintiff, when injured, was actually doing the work he was employed to do, or whether he was doing something substantially different. He was injured while on duty, in his working hours, when waiting for an opportunity to continue his service of employment. The accident occurred when the plaintiff was at a place where he might reasonably be. There was no turning aside upon his part, no attempt to serve ends of his own.

The fact that he fell asleep, under the circumstances set forth in the finding, was not decisive of his claim. This at the most was negligence, and our Compensation Act of 1913 expressly provides that in an action to recover damages for injuries sustained by an employee, arising out of and in the course of his employment, it shall not be a defense that the injured employee was negligent.

There is no error.

In this opinion the other judges concurred.