PATRICK HURLEY'S CASE.

Worcester.    February 13, 1922. — February 27, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Workmen's Compensation Act*, Injuries to which act applies.

An employee of a gas company, who, having gone upon a beam in a blower room to get a raincoat which he needed to put on in going from the blower room across a yard to a forge, continued along his way toward the forge, using the beam as a foot path, into regions where manifestly no employee was justified in travelling, instead of returning from the beam and using the natural course from the boiler room down some stairs and across a yard, thereby encountered an added risk

not within the contemplation of his contract of service, and injuries which he received while so doing did not arise out of his employment and did not entitle him to compensation under the provisions of the workmen's compensation act. The principle of serious and wilful misconduct, illustrated by *Nickerson's Case*, 218 Mass. 158, has no relevancy to the facts above described.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision of the Industrial Accident Board awarding compensation to Patrick Hurley for injuries received by him on September 9, 1919, found by the board to have arisen out of and in the course of his employment by Worcester Gas Light Company.

Material facts found by a single member of the board and affirmed by the board are described in the opinion. In the Superior Court the case was heard by *Lawton*, J., by whose order a decree was entered in accordance with the decision of the Industrial Accident Board. The insurer appealed.

The case was submitted on a brief by the insurer.

*C. C. Milton*, for the insurer.

No brief was filed for the employee.

BY THE COURT. The claimant had occasion, in the course of his work at the Worcester Gas Light Company's works, to go from the blower room to the forge to get some bars. To go to the forge the natural course was to leave the blower room, go down the stairs, out into and across the yard and enter another building. He needed a raincoat, which he found on a beam. He stepped out on the beam, got his coat and put it on. The beam "was connecting the two blower rooms;" he made an effort to walk along the beam, which was about a foot wide and about a foot thick, for perhaps twenty feet, and stepped through what seemed to be a broken opening in the partition. The partition was made of old boards and there was no roof over the opening between the two buildings. He started to walk on the beam from the opening in one building to the opening in another building, holding on to another beam "which was running 'alongside.'" The beams were for the support of the building. If he had reached the other room he would have had to go down stairs and across the yard to the forge. He fell from the beam about twenty feet and received severe injuries. It was not within the scope of the claimant's work to walk on the beam. Every circumstance demonstrates

that the beam was not a place where his employment called him either directly or incidentally. He voluntarily encountered an added risk not within the contemplation of his contract of service. Even though he had to get on the beam for the raincoat, that was no warrant for using the beam as a foot path into regions where manifestly no employee was justified in trying to travel. The case is covered by *Borin's Case,* 227 Mass. 452, *Rochford's Case,* 234 Mass. 93, *Haggard's Case,* 234 Mass. 330, *Bolden's Case,* 235 Mass. 309, *Koza's Case,* 236 Mass. 342. The claimant "went into a territory with which he had nothing to do" as employee. *Bourton* v. *Beauchamp,* [1920] A. C. 1001, 1006, 1007. *Barnes* v. *Nunnery Colliery Co. Ltd.* [1912] A. C. 44. *Plumb* v. *Cobden Flour Mills Co. Ltd.* [1914] A. C. 62. *Lancashire & Yorkshire Railway* v. *Highley,* [1917] A. C. 352. *A. G. Moore & Co.* v. *Donnelly,* [1921] 1 A. C. 329. The principle of serious and wilful misconduct, illustrated by *Nickerson's Case,* 218 Mass. 158, has no relevancy to these facts which, taken in their aspect most favorable to the claimant, show that his injuries did not arise out of his employment but from an outside peril having no causal relation to his duty.

> *Decree reversed. Decree to be entered for insurer.*