## JOSEPH J. L. DeCOSTA'S CASE.

Suffolk.    December 5, 1921. — April 21, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act,* To what injuries act applies.    *Proximate Cause.*

If an employee of a town in the course of his duties climbs a ladder to a staging, erected by painters in connection with work upon a school building, to examine the painting and to see if gravel had got into a conductor at the edge of the roof, and, when about to return to the ground, seeing one of the painters standing near the foot of the ladder and apparently upon the bottom round and believing that he could conveniently descend by means of a rope which was firmly fastened beside the ladder and had been placed there for use solely in the erection and maintenance of the staging, attempts to descend by the rope and, when six feet from the ground, falls, as a matter of law injuries so received cannot be found to have arisen out of his employment because the rope was not designed nor intended for the use he made of it; and he is not entitled to compensation under the workmen's compensation act.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decree of the Industrial Accident Board affirming and adopting findings of a single member and awarding compensation upon a claim by Joseph J. L. DeCosta for compensation by reason of injuries received while in the employ of the town of Rockland on August 10, 1920.

In the Superior Court the claim was heard by *Sanderson,* J. Material facts and evidence are described in the opinion. By order of the judge a decree was entered in accordance with the decree of the Industrial Accident Board. The insurer appealed.

*L. J. MacNab,* for the insurer.

*F. J. Geogan,* for the claimant, submitted a brief.

JENNEY, J. The employee was in the service of the town of Rockland as janitor of a school house. His duties included the supervision of the condition of the building and whatever was required for its proper upkeep. At the time of his injury, the outside of the school house was being painted; and the painters in connection with their work had erected a staging about fifteen feet above the ground, connected therewith by a ladder.

On August 10, 1920, the employee went upon the staging by way of the ladder to examine the painting and to see if any gravel had got into the conductor at the edge of the roof. When he decided to return to the ground, he saw one of the painters standing near the foot of the ladder, apparently upon the bottom round. There was a rope firmly fastened beside the ladder. The employee, believing that he could conveniently descend by means of the rope, proceeded to do so. When about six feet from the ground, his hand slipped, and he fell, fracturing a bone in his left heel. He was then about sixty-five years old. Some years before while a passenger at sea, he had used ropes in climbing and descending and had been skilful in so doing.

The single member of the Industrial Accident Board, whose findings and decision were adopted and affirmed by the board on review, found: "It was a part of the employee's general work and duty as a janitor to inspect the painting and see if gravel was in the gutter, and that it was not necessary for him to take any particular route in doing so; and that for him to decide to go down the rope under the circumstances, considering that another man appeared to be on the ladder and the short distance that the employee had to go, was not an act outside of his employment. There seemed to be no such extreme or obvious danger in the act as to take it out of his employment. It seems at the most, perhaps, to have been a mistake in judgment on his part that he could descend a rope as well as he used to some years before."

From the report of the evidence it appears that the rope was one used solely in the erection and maintenance of the staging. There was no evidence that it was designed or used for the purpose of going upon or descending from the staging. The finding that it was for the employee to decide whether to use the rope in the circumstances was based solely upon the facts stated and his judgment that it was a safe, easy and quick way for him to go down without disturbing the man whom he saw below.

The sole question is whether this injury arose out of the employment. We think that the injury was not so caused, and that it did not result from such a source as a natural consequence, because the rope was not designed nor intended for the use made. *Borin's Case*, 227 Mass. 452. *Haggard's Case*, 234 Mass. 330. *Maron-*

*ofsky's Case,* 234 Mass. 343.  *Bolden's Case,* 235 Mass. 309.  *Koza's Case,* 236 Mass. 342.  *Hurley's Case,* 240 Mass. 357.

It follows that the finding of the board was not supported by evidence, and that the decree of the Superior Court must be reversed.

*So ordered.*