JOHN M. JACOBSON'S (dependent's) CASE.

Suffolk. March 13, 1924. — April 8, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & CARROLL, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.

A foreman in charge of certain work in Rhode Island for a corporation having a place of business in Boston, in addition to his wages, was allowed his transportation expenses and was privileged to " travel any way he pleased." It was part of his duty to return to the Boston office papers " and cash each week." While making that trip in a motor truck one week, he left the truck as it was going upgrade and, after he had attended to a call of nature, caught up with it and, in attempting to board it while it was moving, fell under the front wheel and received injuries from which he died. Upon a claim by his widow for compensation under the workmen's compensation act, it was *held,* that, in attempting to board the moving truck, the employee voluntarily incurred an additional risk neither contemplated by his contract of employment nor incidental thereto, that his death did not result from injuries arising out of his employment, and that the claim must be dismissed.

CERTIFICATION, filed in the Superior Court on October 15, 1923, of a decision of the Industrial Accident Board on

a claim by the widow of John M. Jacobson, an employee of Underwood Machinery Company, that the death of the employee was not due to a personal injury arising out of his employment, and dismissing the claim.

In the Superior Court, the case was heard by *Hammond*, J.  Material facts are described in the opinion.  By order of the judge, a final decree was entered " that the death of the employee in this case was not due to a personal injury arising out of his employment, and the petition of his widow for compensation is dismissed."  The claimant appealed.

*L. Powers*, for the claimant.

*G. Gleason*, for the insurer.

CARROLL, J.  John M. Jacobson was employed by the Underwood Machinery Company as foreman in charge of certain work at Cranston, Rhode Island.  He left Boston on Monday and usually returned on Saturday, of each week.  In addition to his wages, he was allowed his transportation expenses, and could " travel any way he pleases."  It was part of his duty to return, to the employer's office in Boston, the " papers and cash each week."  On the day of his injury, December 2, 1922, learning that an Autocar was going from Cranston to Everett, he boarded this car, to carry the papers and cash to the employer's office.  When the truck was going up a grade between Wrentham and Walpole, the employee alighted from the moving truck, which continued up the grade.  After he had attended to a call of nature, he caught up with the truck, and in attempting to get on it, while moving, he fell under the front wheel, receiving injuries from which he died.

The single member of the Industrial Accident Board found that the injury and death of the employee did not arise out of his employment; on review the board affirmed the finding of the single member; in the Superior Court a decree was entered dismissing the petition for compensation; the claimant appealed.

In attempting to board the moving truck, the employee voluntarily incurred an additional risk neither contemplated by his contract of employment nor incidental thereto.  His injuries, therefore, did not arise out of his employment.

The case is governed by the decisions holding that an injury does not arise out of the employment when the employee assumes a risk not fairly contemplated by the agreement of service, as in *Borin's Case,* 227 Mass. 452, where the employee climbed over steam vats to open a window; *DeCosta's Case,* 241 Mass. 303, where the employee was descending from a staging by means of a rope. See also *Hurley's Case,* 240 Mass. 357, in which the employee walked on a beam; *Koza's Case,* 236 Mass. 342, where the employee went upon the roof to repair a ventilator; *Rochford's Case,* 234 Mass. 93; *Haggard's Case,* 234 Mass. 330.

The decree must be affirmed for the reasons stated. We are not called upon to decide whether it falls within the principle of *Gardner's Case,* 247 Mass. 308.

*Decree affirmed.*