J. RUSSELL WITHERS'S CASE.

Suffolk.    March 27, 1925. — May 21, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.

A workman employed to erect and fit screens and window strips for customers of his employer, and authorized by his employer to travel to and from the customers' houses by means of his own choice, his reasonable expenses in so doing being charged by him to his employer and by his employer to the various customers, is not entitled to compensation under the workmen's compensation act for injuries received when, while travelling on a railroad train to the house of a customer of his employer, he by mistake got off at a wrong station and, in attempting to reënter the train when it was moving slowly, fell and was injured, such injury not arising out of his employment.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decree of the Industrial Accident Board affirming and adopting a finding and decision by a single member of the board upon an agreed statement of facts, and ordering that compensation be awarded to the claimant for injuries alleged to have been received by him while in the employ of W. H. Hutchinson.

In the Superior Court, the case was heard by *Lummus,* J. Material facts are stated in the opinion. By order of the judge, a decree was entered in accordance with the decision of the Industrial Accident Board. The insurer appealed.

*G. Gleason, (E. H. Potter* with him,) for the insurer.

*M. C. Taylor,* for the claimant.

CROSBY, J.    The claimant was a carpenter in the employ of W. S. Hutchinson, who had an office in Boston.    His duties were the erection and fitting of screens and window strips on the premises of his employer's customers.    He did but little work on the premises of W. S. Hutchinson, but went there for orders for work to be done elsewhere.    When the place where he was sent to work could be reached conveniently by eight o'clock in the morning, he was paid for such part of his time in travelling to and from the job as his employer believed could be properly charged to the customer.    He could travel by the route and conveyance most economical to the customer, or might use a conveyance of his own or that of a friend, or might walk; and he could charge to his employer car or train fare he would otherwise have spent.    His conduct and decisions with reference to the route and conveyance used were at all times subject to the approval of his employer, and the amounts charged for time and expenses in travelling approved by his employer were charged to the customer.

· On March 19, 1923, at thirty-five minutes past seven o'clock in the morning, the employee took a train in Boston for Wareham, where he was to be met and taken by automobile to a house where he had been installing screens, for the purpose of completing the work.    Before the train reached Wareham, a trainman called out "Wareham" as the next station.    The employee alighted from the train, and learning that the station was Parker Mills, which is seven tenths of a mile from Wareham, he then attempted to board the train, which was moving, and was injured.

The single member found that the injury arose out of and in the course of the employment.    This finding, on review, was affirmed by the Industrial Accident Board.    In accordance therewith a decree was entered in the Superior Court, from which the insurer appealed.

The provision in the workmen's compensation act that payments of compensation shall be made where an employee receives an injury "arising out of and in the course of his

employment" was construed soon after the passage of the act in *McNicol's Case*, 215 Mass. 497. It was there held that an injury "arises out of" the employment when it appears that there is a causal connection between the conditions under which the work is required to be performed and the resulting injury, "But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood." The language of the act as defined in *McNicol's Case* has been followed in later decisions of this court. Such construction of the words in question is also in harmony with the decisions of the English courts in interpreting the English act.

In *Hewitt's Case*, 225 Mass. 1, a life insurance agent accepted an invitation to go to another city in the automobile of a person whom he was trying to persuade to take out a policy, and as a result of their conversation on the trip, the owner of the automobile decided to take out a policy, and on their way back the agent was injured; it was held that it could not be found that the injury arose out of the employment. It was there said that "The danger incident to the use of an automobile is not a 'causative danger' 'peculiar to the work,' but is a risk which is common to all persons using one." In *Jacobson's Case*, 248 Mass. 466, the employee, a foreman in charge of certain work in Rhode Island for his employer (a corporation having a place of business in Boston), in addition to his wages was allowed his transportation expenses and was permitted to travel any way he pleased. It was a part of his duty to return to the Boston office "papers and cash each week." While making such a trip in a motor truck, he left the truck, as it was going up grade, for a purpose of his own, and afterwards caught up with it and in attempting to board it while it was moving, fell under the front wheel, receiving injuries from which he died. The court said that "In attempting to board the moving truck, the employee voluntarily incurred an ad-

ditional risk neither contemplated by his contract of employment nor incidental thereto. His injuries, therefore, did not arise out of his employment." This statement is equally applicable to the facts in the case at bar. The claimant voluntarily incurred an added peril not within the contemplation of his contract of service. The fact that the train was moving slowly cannot affect the result. See *Jacobson's Case, supra.*

The conclusion reached is not at variance with the decision in *Plumb* v. *Cobden Flour Mills Co. Ltd.* 7 B. W. C. C. 1. The cases above referred to make it plain that the injuries received by the employee did not arise out of his employment. See also *Donahue's Case,* 226 Mass. 595; *Borin's Case,* 227 Mass. 452; *Hurley's Case,* 240 Mass. 357; *Wemyss Coal Co. Ltd.* v. *Symon,* 6 B. W. C. C. 298; *Jibb* v. *Chadwick & Co.* 8 B. W. C. C. 152; *Byrne* v. *Larrinaga & Co.* 11 B. W. C. C. 260.

The decree of the Superior Court must be reversed, and a decree entered in favor of the insurer.

*So ordered.*