In the Matter of the Claim of RACHINA CORRINA, against
    JAMES DE BARBIERI et al., Respondents.

THE STATE INDUSTRIAL BOARD, Appellant.

**Workmen's compensation — master and servant — teamster
who falls asleep on wagon seat during trip on ferry does not
necessarily abandon employment — death from injury received
through falling from seat — finding that injury occurred in
course of employment proper.**

The fact that a teamster after driving his team, hitched to a coal
wagon, on board a ferry boat, lay down upon the wagon seat and
fell asleep, so that when the team started, upon arrival of the boat
at its pier, he was jolted from the seat and received injuries resulting
in his death, does not contradict a finding by the State Industrial
Board, upon a claim for compensation, that the injury occurred in
the course of employment, nor sustain a contention that when the
teamster went to sleep he temporarily abandoned his employment.
Negligence or departure from the strict line of his duties does not
conclusively establish that he was acting at the time entirely outside
of his employment.

*Matter of Corrina* v. *DeBarbieri*, 221 App. Div. 631, reversed.

(Argued January 9, 1928; decided February 14, 1928.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the third judicial department, entered
November 17, 1927, reversing an award of the State
Industrial Board made under the Workmen's Com-
pensation Law and dismissing the claim.

*Albert Ottinger, Attorney-General (E. C. Aiken* of counsel),
for appellant.

*Richard F. Weeks* and *Frederick Mellor* for respondents.
The injuries did not arise out of and in the course of the
employment. (*Briskin* v. *Heyman,* 203 App. Div. 275;
236 N. Y. 522; *McQuivey* v. *International Ry. Co.,* 210
App. Div. 507; *Matter of Gifford* v. *Patterson, Inc.,* 222
N. Y. 4.)

LEHMAN, J.  The claimant's deceased husband, Stephen Corrina, was employed as a driver.  In the course of his duties he drove a team of horses, hitched to a coal wagon, upon a ferry boat plying between New York city and Jersey City.  He fell asleep while lying full length on the seat of the wagon.  A deckhand attempted to arouse him when the ferry arrived at Jersey City, but just at that time the team of horses started to walk off the boat and the driver was jolted from the seat where he was lying.  The wagon passed over him and he sustained injuries which resulted in his death.  These facts are established by undisputed evidence and were found by the Industrial Board.

The Board further found that the injuries which resulted in the death of Stephen Corrina were accidental injuries and arose out of and in the course of his employment.  Upon these findings the Industrial Board has ruled that the claim comes within the provisions of the Workmen's Compensation Act.  The Appellate Division has reached a contrary conclusion.  While on the ferry the decedent chose to lie down on the seat of the wagon.  The position in which he lay shows that he acted voluntarily.  His hours of work were long.  He fell asleep.  While asleep he was, of course, not watching the horses.  The reins dropped from his hands, and he did not awake even when the ferry boat reached the wharf.  It is said that when he went to sleep he temporarily abandoned his employment and that injury suffered during such abandonment did not arise in the course of his employment.

The fact that Corrina was not actively at work when he was injured does not contradict the finding of the Commission that the injury occurred in the course of his employment.  (*Matter of Norris* v. *N. Y. C. R. R. Co.,* 246 N. Y. 307.)  He could not drive during the passage of the ferry boat across the river yet his employment required him to remain on the ferry.  We may assume that while on the ferry he may have been under some

duty to look out for his horses and, at least, to be ready to drive them off when the boat reached the opposite shore. He may have been negligent in the performance of such duties; but negligence in the performance of his duties by an employee, even disobedience to orders, is not equivalent to abandonment of employment. Even when the driver chose to lie down, it is evident that he still expected to be able to perform his duty of driving when the occasion for driving arose though he may have neglected an incidental duty to remain watchful in the interval.

Here we have no act directly contrary to the purpose of the driver's employment. (*Matter of Gifford* v. *Patterson, Inc.*, 222 N. Y. 4.) The employer testified that drivers who worked long hours often took a nap on the boat. He had no objections to such a practice. Indeed he indulged in it himself when he drove a wagon. The trier of the facts might well find upon the evidence here presented that while the driver remained on the boat, even though he failed to watch the horses, he was still carrying out the main purpose of his employment. Perhaps when the driver chose to lie down, he did not even expect to fall asleep. Departure from the strict line of his duties does not conclusively establish that he was acting at the time entirely outside of his employment.

Order of the Appellate Division should be reversed and the award of the State Industrial Board confirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.