## HELEN A. WOZNIAK'S CASE.

Middlesex.   April 7, 1937. — February 24, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Workmen's Compensation Act*, Injuries to which act applies, Recommittal to Industrial Accident Board. *Evidence*, Presumptions and burden of proof, Affidavit.

A finding by a reviewing board under the workmen's compensation act that an injury to a woman, employed as an office manager, did not arise out of and in the course of her employment, was warranted by evidence that she fell and was injured while attempting to enter her employer's office by means of a fire escape outside a window when unable to open the office door.

No error of law appeared in the denial in the Superior Court of a motion for recommittal to the Industrial Accident Board, based on facts stated in an affidavit annexed thereto which though uncontradicted were not agreed to be true, the court not being bound to believe the facts stated in the affidavit.

CERTIFICATION to the Superior Court of a decision of the Industrial Accident Board.

A motion that the case be recommitted was denied by *Brogna*, J., and a final decree dismissing the claim was entered. The claimant appealed.

*F. C. Zacharer*, for the claimant.

*W. I. Badger, Jr.*, (*D. H. Rider* with him,) for the insurer.

RUGG, C.J.  This is a proceeding under the workmen's compensation act. The member appointed under G. L. (Ter. Ed.) c. 152, §§ 7, 8, heard the parties, made a full report of evidence and filed a decision in substance as follows: The employee testified that she was working in her employer's office on Sunday, July 7, 1935, and that after

leaving it she went back to get an umbrella, to lock a safe therein, in which was about $300 of her employer's money, and to get dirty office towels to take home. As she was unable to open the office door, she went through a hall window out onto the fire escape and in through a window of her employer's office. She then tried the office door to be assured that it would work and in doing so locked herself out. Thereupon she went out again, as before, onto the fire escape floor, fell to the ground and suffered a fractured left foot and lower back injury. Theretofore she had seen the janitor of the building get into the office in the same way and she had done so herself previous to her accident on one occasion when she had forgotten to bring her key to open the office door. The employee was the office manager with apparent general discretion in handling the office affairs and work. The offices were on the floor of the building just above the street floor. On all the evidence, the member found as a fact that she went back to get her umbrella, to lock the safe, and to get dirty office towels to be laundered; and further, as a fact, that the fire escape as described was a reasonable means of access and fit to travel on. He found that the employee was working in her employer's office on his work, with his consent, as a part of her employment on Sunday, July 7, 1935; that after leaving it as above set forth she wanted to lock the office safe and took the means that she had previously employed to gain immediate entrance; that in so doing she used means reasonable enough considering the time and circumstances and did not incur a risk not contemplated by her employment; that she suffered personal injuries arising out of and in the course of her employment on July 7, 1935, when she fell and suffered the injuries above set forth; that she "was and is totally disabled for work and wages thereby"; and that she was entitled to total disability compensation. The employee testified respecting her injury that "she went out on the fire escape the second time and fell down. While her sister was still trying to open the door, she said she would try to go through the fire escape again. While her sister was attempting to open that same door in

Mr. Regan's office, she went down the hallway, stepped out onto the fire escape and walked along and this time she fell. When she went across the fire escape the first time and entered the office through the window, she just had to 'make a large step' across the opening. She had to take more than an ordinary step. . . . 'I know I didn't have any difficulty in getting over the first time.'" She did not just step over while walking along. "No; I had to stretch over." "She had to stretch over it 'like that' to get over it."

The insurer filed a claim for review and the record contains findings and decision of the reviewing board. It is stated therein that the hearing was held at Boston on June 25, 1936. "Present: — Mr. Gleason (presiding), Mrs. Tousant and Mr. Prestera." "The report of the" board member "contains all the material evidence." The reviewing board "find, upon all the evidence, that the claimant did not receive a personal injury arising out of and in the course of her employment within the meaning of the" statute "and her claim for compensation is dismissed accordingly." The insurer filed these requests for rulings: "1. That injury did not arise out of her employment. 2. That injury did not arise in course of her employment. 3. That the use of the fire escape was not a hazard of her employment or one that could be fairly contemplated by her agreement of employment. 4. That the employee in using the fire escape has gone outside the scope of her employment and incurred a danger of her own choosing and one altogether outside of any reasonable exercise of her employment. 5. That the use of the fire escape was a departure from her work and one of her own choosing." The reviewing board "grant the foregoing requests for rulings in so far as they are material to and consistent with the findings and decision herein made." These findings and the decision were not signed by Mr. Gleason but were signed by the other two members.

The employee filed a motion in the Superior Court that the case be recommitted to the Industrial Accident Board for a hearing before a reviewing board consisting of not less than three members, as provided in G. L. (Ter. Ed.)

c. 24, § 3. That motion was supported by an affidavit signed by the employee to the effect that her case was heard on June 25, 1936, by a reviewing board consisting of the three members hereinbefore specified; that the decision adverse to the claimant was filed on September 14, 1936, signed only by Mrs. Tousant and Mr. Prestera; that the term of Mr. Gleason as a member expired on June 7, 1936; and that he was not reappointed, but that another person was appointed in his place. The facts there stated were made by the affiant partly of personal knowledge and partly from an examination of copies of the records, partly from common knowledge and partly upon information and belief. That motion was denied. A decree was entered in the Superior Court to the effect that the injury suffered by the employee did not arise out of and in the course of her employment and that her claim for compensation was dismissed.

The employee appealed from the denial of her motion to recommit the case for further hearing and from the decree adverse to her claim for compensation.

The decision of the single member may be reversed in whole or in part on review. G. L. (Ter. Ed.) c. 152, § 10. *Johnson's Case,* 258 Mass. 489, 493. *Gleason's Case,* 269 Mass. 583, 584. The findings of fact made on review are conclusive when there is any evidence to support them. *Pigeon's Case,* 216 Mass. 51, 52. *Von Ette's Case,* 223 Mass. 56, 59. *Hughes's Case,* 274 Mass. 540, 543. The findings on review apparently are sufficient if signed by a majority of a properly constituted board. *Berninger's Case,* 253 Mass. 52.

It is plain that the injury of the employee arose out of her use of the fire escape. It is not contended that the fire escape was out of repair or that the hole in it through which she fell was not a part of its proper construction. There was no evidence that the employee was ever invited to use it as she was using it at the time of her injury. The use she was making of it at the time of her injury was not the normal or natural use of a fire escape. The purpose for which a fire escape is intended and the reason for its construction as a part of a building are a means of escape from a fire. The employee clearly was not using it for any such purpose.

*Aldworth* v. *F. W. Woolworth Co.* 295 Mass. 344. *Landers* v. *Brooks*, 258 Mass. 1. It is not necessary to inquire whether a finding in favor of the employee would have been warranted. That is not the question to be decided. The point is whether the finding and decree adverse to the employee must be reversed. The finding of the reviewing board adverse to the employee cannot be said to be unsupported by evidence. *DeCosta's Case*, 241 Mass. 303. *Jacobson's Case*, 248 Mass. 466. *Hurley's Case*, 240 Mass. 357. *Borin's Case*, 227 Mass. 452. *Eifler's Case*, 276 Mass. 1, 2. Therefore it must stand.

There was no error of law in the denial of the motion to recommit. The facts stated in the supporting affidavit were not agreed to be true. No counter affidavit was filed. Although the motion was based upon an undisputed affidavit, the court was not bound to believe the facts therein stated, but might utterly discredit them. *Commonwealth* v. *Crapo*, 212 Mass. 209, 210. *Commonwealth* v. *Marino*, 254 Mass. 533, 536. *Commonwealth* v. *Sacco*, 255 Mass. 369, 450. *Commonwealth* v. *Millen*, 290 Mass. 406. *Germain* v. *Raad*, 297 Mass. 73, 75, and cases cited.

It is not necessary to inquire whether that denial should stand on other grounds. See G. L. (Ter. Ed.) c. 30, § 8; *Opinion of the Justices*, 154 Mass. 603, 606; 275 Mass. 575, 579.

*Order denying motion affirmed.*

*Decree affirmed.*