UNITED EMPLOYERS CASUALTY CO. v. BARKER et al.

No. 10833.

Court of Civil Appeals of Texas. San Antonio.

Jan. 22, 1941.

Rehearing Granted in Part Feb. 19, 1941.

Kemp, Lewright, Dyer, Wilson & Sorrell and J. Woodrow Hazlewood, all of Corpus Christi, for appellant.

R. S. Crawford, of Crystal City, and O. Kennedy, of Beeville, for appellees.

NORVELL, Justice.

This is a workmen's compensation case arising out of the following facts:

On October 11, 1938, a group of about eight trucks, loaded with oil field equipment, owned or controlled by J. I. Hailey, and under the supervision of Roscoe Hailey, arrived in Beeville, Texas. One of the trucks was driven onto a vacant lot, and the others stopped in the street close by. Roscoe Hailey then went to see about parking these trucks upon the vacant lot, leaving the drivers under his supervision with the trucks awaiting orders. All the truck drivers, with the exception of Wick Burns, got under the trucks in order to get in the shade, as it was about 3 o'clock in the afternoon and the sun was shining brightly. Wick Burns remained in the cab of his truck which had been driven onto the vacant lot and went to sleep. After being absent some thirty or forty minutes, Roscoe Hailey returned and gave a signal to his truck drivers to start up. Wick Burns woke up, started his truck and ran over and killed James Delbert (Mike) Hall, another truck driver who had gone to

sleep, lying between the trailer and truck which Burns was driving.

The controlling question involved is whether or not Hall's death, under the circumstances above detailed, is compensable under the Texas Workmen's Compensation Law, Article 8306 et seq., Vernon's Tex. Ann.Civ.St.

The jury found that Hall, in the course of his employment with J. I. Hailey, sustained injuries which resulted in his death. The term "injuries sustained in the course of his employment" was defined in the words of the statute as meaning injuries "having to do with and originating in the work, business, trade or profession of the employer received by an employé while engaged in or about the furtherance of the affairs or business of his employer." Sec. 1, second subd. 4, Art. 8309.

The trial court refused to submit the following requested special issue: "Do you find from a preponderance of the evidence that in going to sleep upon the ground where he did, under the truck, James Delbert Hall did not thereby choose an unnecessarily dangerous place to do so, thereby increasing the risk of injury to himself beyond that reasonably contemplated by his contract of employment with J. I. Hailey?"

Based upon the finding above mentioned, together with a finding as to Hall's average weekly wage, and one relating to a lump-sum award, the trial court entered judgment in favor of Mrs. G. H. Barker, the mother of deceased, for $3,234.13. The insurance carrier, United Employers Casualty Company, has appealed.

█ The rule in this State is that "an injury may be said to arise out of the employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury." Sharp, J., in Federal Surety Co. v. Ragle, Tex.Com.App., 40 S. W.2d 63, 64, quoting from Corpus Juris treatise on Workmen's Compensation Acts, § 64, pp. 73, 74.

█ This is the rule or test of In re McNicol, 215 Mass. 497, 102 N.E. 697, L.R. A.1916A, 306, wherein it is also said that the causative danger "must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence." See, also, Cherry v. Magnolia Petroleum Company, Tex.Com.App., 45 S.W.2d 555; McClure v. Georgia Casualty Company, Tex. Com.App., 251 S.W. 800; 45 Tex.Jur. 460–464, §§ 73, 74.

These are the rules for the determination of causal relationship which are to be applied by us in determining whether or not the jury verdict has support in the evidence.

█ Appellant urges what may be called a further refinement of the rule, in accordance with its requested issue above set out. It is contended that this is a case in which the test followed in some jurisdictions should be applied, to wit: Did the accident result from a risk which might have been contemplated by a reasonable person when entering the employment, as incidental to it? Appellant has cited no Texas authority in which the above test has been applied, and we have been unable to find such a case. The authorities cited by appellant indicate that in certain cases, the courts of Illinois and Massachusetts do apply the test or rule contended for by appellant here. See Weis Paper Mill Co. v. Industrial Commission, 293 Ill. 284, 127 N.E. 732; White Star Motor Coach Lines v. Industrial Commission, 336 Ill. 117, 168 N.E. 113; Landon v. Industrial Commission, 341 Ill. 51, 173 N.E. 49; Hurley's Case, 240 Mass. 357, 134 N.E. 252; De Costa's Case, 241 Mass. 303, 135 N.E. 135; Wither's Case, 252 Mass. 415, 147 N.E. 831, 40 A.L.R. 1475; Eifler's Case, 276 Mass. 1, 176 N.E. 529. It seems to us that some of these cases, particularly Eifler's case, apply the rule in such a manner as to exclude a recovery for an injury to which the negligence of the employee contributed. Clearly, under the Texas Statute, an injury caused by the negligence of the employee is compensable so long as the causal connection between the employment and the injury remains. On the whole it seems that the application of the rule contended for by appellant to the facts of this case is more confusing than helpful and the trial court was therefore correct in rejecting appellant's theory and submitting the case to the jury in accordance with the statutory definitions contained in Section 1, second subd. 4, Article 8309. Appellant's assignments complaining of the trial court's

action in refusing to submit appellant's special requested issues, as well as the assignments complaining of the manner in which the case was submitted to the jury, are overruled. 28 R.C.L. 798–802, §§ 90, 91, and authorities therein cited; Texas Employers' Ins. Ass'n v. Owen, Tex.Com.App., 298 S.W. 542.

Applying the test of causal connection above set out, which has been approved by the Texas authorities, we hold that the evidence supported a finding that the injury suffered by Hall was causally connected with his employment and that the injury was one "having to do with and originating in the work, trade or profession of the employer." At the time of his death, Hall was awaiting the orders of his superior. The mere fact that he went to sleep does not bar a recovery on the part of the beneficiary under Section 8a of Article 8306. Malley v. Union Indemnity Co., Tex.Com.App., 12 S.W.2d 1002; Indemnity Ins. Co. v. Wright, Tex.Civ.App., 69 S.W. 2d 438; Corrina v. De Barbieri, 247 N.Y. 357, 160 N.E. 397; Richards v. Indianapolis Abattoir Co., 92 Conn. 274, 102 A. 604. Nor do we think the fact that Hall went under the truck or trailer to avoid the sun constituted a departure from his employment. From the record in this case it does not appear that this action was unusual or unprecedented. As a matter of fact, it appears that all but one of the drivers left their cabs and waited in the shade of the trucks. It is true that Hall's death was the culmination of a series of circumstances which combined in an unusual manner to bring about the accident, but Hall's action alone, while it might have been negligent, was not such as constituted a turning apart from his employment, nor can it be regarded as breaking the causal relationship between his employment and the injury. Federal Surety Co. v. Ragle, supra; Texas Employers Ins. Ass'n. v. Cobb, Tex.Civ.App., 118 S.W.2d 375; 45 Tex.Jur. 466. The trial court properly overruled appellant's motion for a peremptory instruction and motion for judgment non obstante veredicto.

We also overrule appellant's assignments complaining of the award of a lump-sum recovery. This is a matter which largely rests in the discretion of the trial court, and an abuse of that discretion is not shown. Indemnity Company of North America v. Wright, Tex.Civ.App., 69 S.W. 2d 438; Georgia Casualty Co. v. Little, Tex.Civ.App., 281 S.W. 1092.

Appellant's contention that the question of whether Hall was married or not should have gone to the jury is not well taken. The testimony of appellee was that her son was unmarried. The rule requiring that "if the testimony bearing upon an issue comes from an interested party, the issue must be submitted to the jury even though it be uncontradicted * * * does not apply where the nature of the testimony is such that it might readily be discredited if it were not true." 17 Tex. Jur. 926, sec. 418; Luling Oil & Gas Co. v. Edwards, Tex.Civ.App., 32 S.W.2d 921. Appellee's testimony stands uncontradicted in the record and, under the authorities above cited, the trial court did not err in refusing to submit the requested issue to the jury.

What has been said disposes of appellant's assignments of error. The judgment of the trial court is affirmed.

### On Motion for Rehearing.

Appellant, in its motion for rehearing, points out an error in the computation of the amount of the judgment awarded by the trial court. We find that the amount of the judgment should be $3,044, rather than $3,234.13 as awarded by the trial court. The judgment of the trial court will, accordingly, be reformed so as to allow appellee Mrs. G. H. Barker a recovery of $3,044 with interest thereon from December 14, 1939, until paid at the rate of six per cent per annum. The judgment of the trial court, as thus modified and reformed, will be affirmed.

Costs are adjudged against the appellant. The error in computing the amount of the judgment was probably due to an inadvertence and would have undoubtedly been corrected, had the matter been called to the attention of the trial court. Here the question of the proper amount of the judgment is raised for the first time by motion for rehearing in this Court. Under these circumstances, costs are properly taxed against appellant. Canales v. Clopton, Tex.Civ.App., 145 S.W. 2d 933.

All matters raised by appellant's motion for rehearing having been duly considered, said motion will be granted to the extent above indicated. In all other respects the same will be overruled.