## LLOYDS GUARANTEE ASSURANCE v. RYNO.

### No. 2563.

Court of Civil Appeals of Texas. Waco.

Dec. 23, 1943.

Rehearing Denied Jan. 13, 1944.

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, for appellant.

Francis M. Chaney, of Dallas, and Howard Walden, of Waco, for appellee.

HALE, Justice.

This is a workmen's compensation case. Trial before a jury on special issues resulted in judgment for the claimant as for total permanent disability payable in a lump sum amounting to $6,617.65, with interest thereon from May 6, 1943, at six per cent and costs. The insurance carrier seasonably filed its motion for new trial, which was overruled, and, having duly perfected its appeal from such judgment and order, presents the case for review here on two points of error.

 Appellant objected to the submission of the issue in the court's charge relating to a lump-sum payment on the ground that the evidence was insufficient to support an affirmative answer thereto, and in its motion for new trial it assigned error on the action of the court in overruling such objection. This assignment is presented under one of appellant's points.

There was evidence that appellee received the injury complained of on September 15, 1942; as a result of his injury he was unable to do any kind of work or to earn any wages up to the time of trial on May 4, 1943; he has a wife thirty-six years of age and five children ranging from seven to eighteen years of age dependent upon him for support; he has no income other than what he earns as wages; after his injury his wife began working in a twine mill because of the financial condition of the family; if compensation were paid to him by the week he would not receive enough, after deducting the amount due his attorneys, to take care of himself and family; he is frugal in his habits and does not waste money; and if the amount of compensation to be awarded him, if any, were paid in a lump sum he believed it would enable him to acquire a little farm or place somewhere so that his family, under his direction, could make a living.

We cannot say the evidence to which we have referred was insufficient to authorize or require the trial court to submit to the jury the issue of whether or not this is a special case in which manifest hardship and injustice would otherwise result unless appellant should be required to redeem its liability, if any, by

the payment of a lump sum, or that the evidence was insufficient to support an affirmative answer to such issue as submitted. Texas Employers' Ins. Ass'n v. Clack, Tex.Civ.App., 112 S.W.2d 526, points 7 and 8, and authorities; Id., 134 Tex. 151, 132 S.W.2d 399; Traders & General Ins. Co. v. Wilson, Tex.Civ.App., 147 S.W.2d 866; United Employers Casualty Co. v. Barker, Tex.Civ.App., 148 S.W.2d 260. Consequently the assigned error is overruled.

The other point in appellant's brief is as follows: "The error of the court in entering judgment for an excessive amount, to-wit, $6617.65, whereas the proper calculation of the maximum amount is $6609.83". Appellant did not assign such error in its motion for new trial or call the same to the attention of the trial court in any manner, but raised the point in this court for the first time as fundamental error. Appellee admits in his brief that there was an error made in figuring the amount of the judgment, that the judgment is excessive in the sum of $7.82 and that such error is fundamental as contended by appellant. He also states that he is willing to file a remittitur of such excess and he specifically requests this court "to reform the judgment for an amount in the sum of $6609.83 instead of $6617.65 if the court is of the opinion it has jurisdiction so to do under Rule 324."

Since appellant duly filed its motion for a new trial, excepted to the action of the court in overruling the same and in all respects perfected its appeal from the judgment of the court below at the time and in the manner required by law, this court undoubtedly acquired jurisdiction generally over the parties and subject matter involved in this suit. Having acquired jurisdiction over the cause generally, we are of the opinion that we may now properly reform the judgment in accordance with the agreement and joint request of the parties so as to correct the fundamental error complained of. However, under the circumstances, we do not think any part of the costs of this appeal should be taxed against appellee. Rule 448, Texas R.C.P; United Employers Casualty Co. v. Barker, Tex.Civ.App., 148 S.W.2d 260, point 10.

Accordingly, the judgment of the trial court will be reformed so as to allow appellee a recovery of $6,609.83, with interest thereon from May 6, 1943, and as reformed the judgment will be affirmed, with all costs of this appeal to be taxed against appellant, and it is so ordered.