**TRADERS' & GENERAL INS. CO. v. VALENTINE.**

No. 4368.

Court of Civil Appeals of Texas. Amarillo.

March 11, 1935.

Rehearing Denied April 15, 1935.

Lightfoot & Robertson, of Fort Worth, Collins & Fairchild, of Lufkin, and Smith & West, of Henderson, for appellant.

Caldwell, Gillen, Francis & Gallagher, of Dallas, for appellee.

JACKSON, Justice.

This case arose under the Workmen's Compensation Law of the state (Vernon's Ann. Civ. St. art. 8306 et seq.).

The appellee, in the district court of Rusk county, was adjudged compensation against appellant for the total and permanent loss of the sight in his right eye.

No complaint is made of the statement of the jurisdictional facts or the cause of action as alleged by appellee.

Appellant answered by general demurrer and general denial.

The issues found by the jury material to a disposition of this appeal are, in effect, that appellee on August 18, 1932, in the course of his employment with the Pansy Oil Company, sustained an injury which resulted in the total and permanent loss of the sight in his right eye.

Appellant challenges the findings of the jury and the judgment based thereon, and urges that the undisputed testimony shows that the injuries to appellee's eye had not resulted in the total and permanent loss of the sight thereof.

The appellee testified that he could not see well enough out of his right eye to tell how much water there was in a boiler, nor to do drilling work, nor drive an automobile, nor read a newspaper; that he could only see the blur of an object; that he could see the bulk

of the lawyer of appellant, the court reporter, and of the people in the courtroom.

Dr. O. B. Hicks, a specialist offered as a witness by appellee, testified that he had examined the eye of appellee and found that by moving your fingers two or three feet from his eye he could outline objects, that glasses would not benefit this eye, and from an occupational standpoint he considered the vision thereof nothing.

Dr. W. M. Knowles, a specialist offered as a witness by appellee, testified that there was 100 per cent. vision in the left eye, but the injury had caused a loss of 80 per cent. vision of the right eye, and this condition, in his opinion, was permanent.

The testimony of appellee and Dr. Hicks both shows the "existence of some vision." Dr. Knowles says the right eye retained 20 per cent. of its vision. Hence, under this testimony, "we have * * . * a situation wherein in any event 'sight' is not totally lost, in the absolute sense, for 'total' generally comprehends 'all' of the thing, etc., with respect to which the adjective is used." Travelers' Insurance Co. v. Richmond (Tex. Com. App.) 291 S. W. 1085, 1086. To the same effect is the holding in Employers' Casualty Co. v. Watson (Tex. Civ. App.) 32 S.W.(2d) 927. In deference to these authorities this assignment is sustained.

In view of this holding, we consider it unnecessary to discuss the other errors assigned.

The judgment is reversed, and the cause remanded.