## TRADERS & GENERAL INS. CO. v. DWYER.

### No. 4715.

Court of Civil Appeals of Texas. Amarillo.

Feb. 15, 1937.

Will R. Saunders, Claude Williams, and Lightfoot & Robertson, all of Fort Worth, for appellant.

L. B. Godwin and Kimbrough & Boyce, all of Amarillo, for appellee.

JACKSON, Justice.

The appellee, S. E. Dwyer, instituted this suit in the district court of Carson county against the appellant, Traders & General Insurance Company, to set aside the decision of the Industrial Accident Board on his claim for compensation and to recover for accidental injuries sustained on August 3, 1935, while employed by the K. S. Flint Rig Company, which carried insurance with appellant for the protection of its employees.

Appellee alleges that while in the discharge of his duties for his employer he was accidentally injured by a piece of concrete which struck him in the right eye, causing irritation, inflammation, and infection. He says that such injury to his right eye resulted in great pain and traumatic neurosis; that he is nervous, restless, excitable, and unable to sleep. He alleges the vision of the right eye is entirely and permanently destroyed, but if not, the only function remaining to such eye is light perception, and he is practically blind in the left eye; that as a consequence of these injuries he is unable to perform the ordinary duties and tasks of a workman and cannot obtain and retain employment; that by reason of such injuries he has suffered total and permanent incapacity, but if mistaken as to total incapacity, then such incapacity is temporary, and will be followed immediately by partial incapacity, which partial incapacity will be permanent.

He prays for judgment in the sum of $20 per week for 401 consecutive weeks.

The appellant answered by general demurrer and general denial.

The special issues submitted were all answered in favor of appellee, but we consider it necessary to set out the findings of the jury only on the issues pertinent to this appeal which are in effect that appellee sustained an injury to his right eye on August 3, 1935, while in the employ of the K. S. Flint Rig Company; that his injury was sustained in the course of his employment and resulted in total and permanent loss of sight in his right eye.

On these and the other findings judgment was entered that appellee recover the sum of $2,000 payable $20 per week for 100 consecutive weeks.

The appellant contends that the testimony is not sufficient to support the findings, that the injury resulted in the total and permanent loss of the sight of appellee's right eye, and the judgment of the court awarding him compensation for the total loss of vision in said eye is not warranted.

There are no briefs filed for the appellee in this court and no challenge made of the statement of appellant relative to any of the errors assigned. Hence, we deem it unnecessary to recite extensively or in detail the testimony.

Appellee testified that he could cover up his left eye and determine with his right eye whether it was dark or light and could see the bulk of objects as far as ten or twelve feet, especially if the objects were moving.

Dr. Caldwell, an oculist called as a witness for appellee, stated that in his opinion the appellee had no ability to discriminate with his right eye, but he could distinguish light from darkness and tell when the light was flashed on the test board.

Dr. Wolfram, an oculist called by appellee, testified that in his opinion the appellant had lost approximately one-third of his vision in his right eye.

It will be observed that appellee in his pleadings alleged that the injury to his

eye was either total or partial and the testimony is uncontroverted that he had not suffered total loss of sight in his right eye.

Under these undisputed facts, this assignment must be sustained. Traders & General Ins. Co. v. Valentine (Tex.Civ. App.) 81 S.W.(2d) 187 (writ ref.); Employers' Casualty Co. v. Watson (Tex.Civ. App.) 32 S.W.(2d) 927; Travelers' Ins. Co. v. Richmond (Tex.Com.App.) 291 S.W. 1085.

 Inasmuch as the case must be reversed, we shall not discuss specifically and in detail in this opinion appellant's other assignments of error. The appellant contends that the court committed error in submitting to the jury the injury to the eye which under the statutes is a specific injury, because under the pleadings he based his right to recover solely and exclusively under the general provisions of the Workmen's Compensation Act (Vernon's Ann.Civ.St. art. 8306 et seq.).

A charge should be so worded as to limit the consideration of the jury to the issues made by the pleadings of the parties. Texas Employers' Insurance Association v. Martin (Tex.Civ.App.) 296 S.W. 639. The petition would have been more in conformity with good pleadings had appellee confined his allegations to the injury to his eye and his right to recover compensation therefor, or, after having properly alleged the facts, asks for a recovery in the alternative either for the loss of his eye or for total or partial incapacity under the general provisions of the Workmen's Compensation Act (Vernon's Ann. Civ.St. art. 8306 et seq.). However, this contention of appellant is apparently decided against it in Petroleum Casualty Company v. Seale et al. (Tex.Com.App.) 13 S.W.(2d) 364.

██ The appellant also insists that the court committed error in rendering any judgment against it because the testimony fails to show facts upon which appellee could recover under either subsections 1, 2, or 3, section 1, of article 8309, R.C.S.

Inasmuch as the case may be tried again, we shall refrain from discussing the evidence pertinent to this assignment because the record does not appear to be fully developed. Judge Critz of the Supreme Court in American Employers' Insurance Company v. Singleton, 24 S.W.(2d) 26, 27, states what injured employee must show in order to recover compensation under either subsections 1, 2, or 3 of article 8309, R.C.S.

"Under the express provisions of section 5 of article 8307, R.C.S. of Texas 1925, the burden of proof is on Mrs. Singleton, as a party claiming compensation, to offer legal evidence establishing an average weekly wage for the deceased under one of the three subsections of the statute above quoted. Furthermore, under the statute the burden is on the claimant to show by competent evidence that it is impracticable to compute the average weekly wage under either subsections 1 or 2 before subsection 3 can be resorted to. Likewise, the burden is on the claimant to show that compensation cannot be computed under subsection 1 before subsection 2 is resorted to.

"Under subsection 1 of the statute above quoted it is provided, in effect, that, if the injured employee shall have worked in the employment in which he was working at the time of the injury, etc., substantially the whole of the year, etc., his average annual wages shall be 300 times the average daily salary which he shall have earned, etc. The deceased in the instant case had only worked 18 or 20 days in the employment at which he was working at the time of the injury, and therefore his average annual wage cannot be computed under subsection 1. We must then consider whether such wage can be computed under subsection 2.

"Under subsection 2 of the act it is provided that, if the injured employee shall not have worked in the same employment, etc., during substantially the whole of the year preceding the injury, his annual average wages shall consist of 300 times the average daily wage or salary which an employee of the same class working substantially the whole of the preceding year, in the same or similar employment, in the same or a neighboring place, shall have earned, etc.

"Under the record before us it is affirmatively shown that deceased worked 18 or 20 days at the employment at which he was working when he was injured at a salary of $35 per week. Nothing further is shown that would throw any light whatever as to any employment or earnings of deceased prior to the injury, except that prior to the instant employment he worked on the farm for his mother, and was a strong robust man at that time.

There is no showing whatever what the value of his services to his mother were, or what she would have to pay to get others to do the work he did, as was shown in the case of Lumbermen's, etc., Ass'n v. Warner (Tex.Com.App.) 245 S.W. 664, cited by the Court of Civil Appeals in support of its holding that there is evidence in the record supporting this award. Further, there is no showing in the record as to what others in the same or a neighboring place were earning at similar employment. Under such a record there is absolutely no evidence which would justify an award under either subsections 2 or 3 of the act."

The judgment is reversed and the cause remanded.