## SOUTHERN UNDERWRITERS v. GARIEPY.

### No. 4707.

Court of Civil Appeals of Texas. Amarillo.
Feb. 22, 1937.

Rehearing Denied May 3, 1937.

Lightfoot & Robertson, Will R. Saunders, and Claude. Williams, all of Fort Worth, for plaintiff in error.

L. B. Godwin, of Amarillo (Kimbrough & Boyce, of Amarillo, of counsel), for defendant in error.

HALL, Chief Justice.

Defendant in error, J. Gariepy, instituted this suit to set aside an award of the Industrial Accident Board and to collect compensation insurance on account of personal injuries alleged to have been suffered by him on or about the 22d day of December, 1934, while he was employed by J. G. McClintock. The substance of his allegations is that while within the course of his employment he was struck by a pulley on .the left side of his body and back and as a result the various muscles, ligaments, tendons, nerves, and blood vessels of his left side, back, shoulder, and hip were contused, strained, and torn and the nerves, vertebrae, and bones of the shoulder and body about the back and left side were fractured; that as a result of said accident and injuries he was rendered extremely nervous and was affected with arthritis, neuritis, and a multitude of other diseases and conditions, all of which rendered him totally and permanently incapacitated to perform the duties of a workman in such manner as that he could obtain and retain employment.

He further alleged in the alternative that if mistaken in his allegations of total and permanent incapacity, then in that event as a result of the injuries received by him he has suffered total incapacity which would continue without interruption for a period of 401 weeks from and after the date of his accident, and which said total incapacity would be followed by 75 per cent. permanent partial incapacity. That on the date of the alleged injury, McClintock was an employer of labor, having in his employ more than three employees, one of whom was the defendant in error, that McClintock was a subscriber to the Employers' Liability Act (Vernon's Ann. Civ.St. art. 8306 et seq.), and on said date had in full force and effect a policy of workmen's compensation insurance with the plaintiff in error covering his employees, and particularly the defendant in error. He further alleged that the insurance carrier was given notice of his injuries within 30 days after the receipt thereof; claim for compensation was duly made as for total permanent incapacity and filed with the Industrial Accident Board. That within 6 months from the 22d day of December, 1934, the board, after due notice to all parties, heard said claim and on the 23d day of March, 1935, made and entered its final ruling and decision on said claim, that thereafter on the 27th day of March, 1935, the defendant gave notice of his unwillingness to abide by the decision of the board, and on the 6th of April, 1936, filed this suit to collect compensation at the rate of $20 per week for 401 consecutive weeks from and after the date of his alleged injuries. Plaintiff in error answered by general demurrer and a general denial. The demurrer was overruled. Trial was to a jury upon special issues which were answered favorably to the defendant in error; and upon said answers judgment was rendered for Gariepy in the sum of $5,541.82, of which amount there had matured on September 21, 1935, the sum of $548.98, the remaining amount of which, viz., $4,992.84, was adjudged to be paid in weekly installments of $13.82, beginning on September 28, 1935, and continuing thereafter for a period of 362 consecutive weeks, with interest at 6 per cent. per annum on each installment until paid.

The substance of appellant's first three propositions which are submitted together is that because the uncontroverted evidence shows that the plaintiff did not work in the employment, in which he was working at the time he was injured, substantially the whole of the year next preceding his injury; that the jury's answer to special issue No. 14 to the effect that claimant was working at the time of the injury in the employment in which he had worked substantially for the whole of the year immediately preceding such injury is without support in the evidence and no judgment should have been rendered based upon such finding.

The second proposition, that because the evidence does not support the finding, the trial court was not authorized to disregard the finding, regardless of its correctness, so long as the verdict remained undisturbed; and, further, that the court could not disregard such finding and render a judgment based upon the jury's answers to issues submitted to them under first subsections 2 and 3 of section 1 of article 8309.

We are not able to determine whether the court's judgment is based upon the jury's answer to issue No. 14 or the answer to issue No. 18. In response to issue No. 14, the jury found that the plaintiff worked in the employment in which he was working at the time of the injury substantially the whole of the year immediately preceding such injury. In response to issue No. 16, the jury found that no employee of the same class of the plaintiff worked substantially the whole of the year immediately preceding December 22, 1934, in the same or similar employment in the same or neighboring place, but in response to issue No. 18, they found that the average weekly wage of the plaintiff was $23.04. Immediately following issue No. 18, the court instructed the jury as follows: "In answering the foregoing question, you may compute such average weekly wages in any manner which may seem just and fair to both the plaintiff and the defendant as you may determine from the evidence in this case."

■ It is doubtful whether the evidence is sufficient to support the finding of the jury in response to issue No. 14, and yet this court is not authorized to set the finding aside and substitute the finding of the court therefor. Besteiro v. Besteiro (Tex. Com.App.) 65 S.W.(2d) 759; Fort Worth & D. C. Ry. Co. v. Armitage (Tex.Civ. App.) 39 S.W.(2d) 108; Davis v. Sears (Tex.Com.App.) 35 S.W.(2d) 99; Taber v. Smith (Tex.Civ.App.) 26 S.W.(2d) 722; Speers Special Issues, 689 § 544. It is not clear that the judgment is based upon the jury's answer to issue No. 18. There is, therefore, such an uncertainty and possibly such a conflict in the finding of the jury that no judgment should have been rendered thereon.

■ "The judgments of the Court shall conform to the verdict," R.S. art. 2211, as amended by Acts 1931, c. 77, § 1 (Vernon's Ann.Civ.St. art. 2211), and this is a fundamental rule. 24 Texas Jurisprudence, 485, § 104 says: "Entry of the judgment on the verdict is merely ministerial and the verdict may not be disregarded if it is responsive to the issue submitted and in proper form. While the verdict remains undisturbed, the judge is bound by it regardless of its correctness and it is immaterial that the verdict may have arisen from erroneous instructions or rulings or from a misinterpretation of the evidence by the jury. Nor may the court set aside the verdict in part and render judgment on that which remains. The verdict must stand or fall as a whole."

■ This is not a case in which the court was authorized to render a judgment non obstante veredicto. There was no motion made requesting the entry of such a judgment, nor did either party move the court to disregard the answer to issue No. 14, R.S. art. 2211, as amended (Vernon's Ann.Civ.St. art. 2211). Rendering a judgment on conflicting, ambiguous, and uncertain answers to special issues submitted is reversible error. Bagley v. Pollock (Tex.Civ.App.) 19 S.W.(2d) 193. Where findings of the jury on material issues are irreconcilable, contradictory, and conflicting, judgment cannot properly be rendered thereon. Miller v. Texas Employers' Insurance Association (Tex.Civ.App.) 63 S.W.(2d) 883.

■■ We think the court should have declared a mistrial. Traders' & General Insurance Company v. Emmert (Tex.Civ. App.) 76 S.W.(2d) 208. The burden rests upon the claimant to allege and prove his right to recovery under either of the subsections of section 1, R.S. art. 8309.

According to the jury's findings, he is entitled to recovery under first subsections 1 and 3. This question has been fully and

clearly discussed by Judge Critz in American Employers' Insurance Company v. Singleton (Tex.Com.App.) 24 S.W.(2d) 26. This case has been frequently referred to by this court and is again cited with a liberal quotation therefrom by Judge Jackson in the case of Traders & General Insurance Company v. S. E. Dwyer (Tex. Civ.App.) 104 S.W.(2d) 63. We, also, cite Petroleum Casualty Company v. Williams (Tex.Com.App.) 15 S.W.(2d) 553.

██ By its fourth proposition, it is insisted that the court erred in submitting special issue No. 14 without defining the term "substantially the whole of the year" because without such definition the jury is called upon to determine a question of law rather than a question of fact. It is true that the charge does not contain a definition immediately following such issue No. 14, but the court did define it correctly under special issue No. 16. It is elemental that the charge must be considered as a whole, and since the court defined the legal term once, we must assume that a jury of ordinary intelligence would accept that definition as applicable to the term wherever it appeared elsewhere in the charge.

In the case of Freiberg v. Johnston, 71 Tex. 558, 9 S.W. 455, 458, where substantially the same contention was urged as in the instant case, the Supreme Court said: "It cannot be reasonably expected that the trial judge will, in every paragraph of a lengthy charge, announce all of the principles of law applicable to every issue and phase of the case presented by the pleadings and evidence; nor will it be presumed, in the absence of·everything to support such assumption, that the jury considered any particular paragraph of the charge to the exclusion of all others." Delano v. Delano (Tex.Civ. App.) 203 S.W. 1145, 1149.

Proposition No. 5 attacks the action of the court in admitting X-ray pictures without sufficient proof of their correctness; and propositions 7 and 8 complain of the argument of opposing counsel. These questions will probably not arise upon another trial and will not be discussed.

Proposition No. 6 raises a more serious question, but the appellant insists that the court erred in refusing to submit to the jury the issue as to whether the plaintiff was an employee of J. G. McClintock and the Southwest Oil & Development Company jointly. The insistence is that the evidence shows a partnership between McClintock and the company. The plaintiff alleges that he was injured while in the employ of McClintock. The written contract made between the parties, is, in our opinion, an ordinary drilling contract. The company is, throughout the contract, designated the "owner" of the leasehold and McClintock is always designated in it as the "driller." When considered alone, it is clear that the parties did not intend to form a mining partnership. The contract recites that the title to the leasehold is to remain in the "owner"; that the "driller" is to be reimbursed for his expenses out of production only and not otherwise; that the driller is to bear all expense of drilling of wells and to furnish all labor and material except such material as might be salvaged from the well then on the property; that the driller is to be in charge of the lease only so long as he is not in default, and should the driller default in the performance of his obligations to drill the first well, the management and control of the lease is to revert to the owner, and the driller will not be entitled to any part of the production from any well; it further provides that if the first well be a dry hole, the owner may set aside 10 acres around it for the driller, and the owner may then proceed with the further development of the property and he shall be entitled to all revenue from production obtained by it on such further development.

██ In the second written agreement, the parties are again denominated as owner and driller, and provides that the new leasehold is to be acquired by the owner, that the driller shall furnish all material and labor for use in drilling the well except such material as may be salvaged from other wells referred to in the contract. It recites that $3,000 is to be advanced by the owner to the driller for labor and material, but is to be repaid out of production. There was a further parol agreement that the owner was to pay all taxes on the leasehold and the driller was to pay the insurance premiums. McClintock testified that he was a drilling contractor, that he drilled this well as he did any other well, except for the different manner of payment, and that the owner had nothing whatever to do with the drilling of the well. It has been decided that a contract between joint owners of oil and gas leases providing for exclusive operation by one, did not create a mining partnership. Transcontinental Oil Company v. Mid-Kansas Oil & Gas Company (C.C.A.) 29 F.(2d) 323, certiorari denied 279 U.S. 853, 49 S.Ct. 348, 73

L.Ed. 995, and in Grace v. Tannehill (C.C. A.) 54 F.(2d) 1059, it is held that in order to establish a mining partnership, a definite understanding either tacit or express must be shown with reasonable certainty, by a clear preponderance of the evidence.

A proposal to share by royalty, or otherwise, in the results of a well-drilling venture on property of one coadventurer does not make a mining partnership where the intention is otherwise. Shell Petroleum Corporation v. Caudle (C.C.A.) 63 F.(2d) 296. To constitute a mining partnership, joint ownership of mining property, joint operation, sharing of profits, community of interests, and mutual agency is necessary. Dunigan Tool & Supply Company v. Carroll (Tex.Civ.App.) 60 S.W.(2d) 296 (error refused). In that case it appeared that the parties shared in the net profits of the mining venture, but the court held that even though there was an agreement whereby profits were paid as compensation for services rendered, there was no mining partnership.

No partnership is shown by the record now before us. For the reasons stated, the judgment is reversed and the cause remanded.