### TRADERS & GENERAL INS. CO. v. JOHNSON et al.
### No. 4537.

Court of Civil Appeals of Texas. El Paso.
Oct. 16, 1947.

Rehearing Denied Nov. 6, 1947.

Eugene T. Edwards, of El Paso, on appeal for appellant.

Hill D. Hudson, of Pecos, for appellee.

SUTTON, Justice.

This is a workmen's compensation case and comes from the District Court of Ward County.

Appellees were plaintiffs below and the parties will be described as' they appeared there. The trial was to a jury and the verdict favorable to the claimant and the judgment was likewise for the plaintiffs and the compensation recovery allowed in a lump sum. From that judgment this appeal is prosecuted.

There are but two points of error. The first is predicated on the asserted proposition there is no evidence to support. the jury finding that manifest hardship and injustice will result if the compensation is paid in weekly installments rather than in a lump sum. The second is plaintiffs' counsel indulged in 'erroneous remarks in the course of his closing argument.

As a basis for a lump sum settlement claimant pleaded that after the· deduction of attorney's fees from weekly payments it will be insufficient to pay the household help ·which she will have to employ, to meet her medical expenses and provide a livelihood in the event her husband's earning capacity is impaired; that if paid in a lump sum she could invest it in some small business which without manual labor on her part would enable her to meet her obligations and have security. .

The ·jury found plaintiff had sustained a total and permanent incapacity, or disability. .

The testimony touching the lump sum settlement was no broader than the pleading, of course; if quite so. The plaintiff, Mrs. E. M. Johnson, only testified on that subject. The testimony was between the date of the injury and the trial her husband had $13,000.00 that had been used to make a cash payment in that sum on two apartments and a house in Odessa purchased at a price of $15,000.00. The ·property rents for $240.00 per month furnished and the proceeds are devoted to the retirement of the unpaid $2,000.00 debt, which must be paid prior to the first of the year (we take it January 1, 1948.) Mr. Johnson is a "gang pusher" for Humble Oil Company and draws $280.00 to $285.00 per month. He is 54 years of age and retires at· the age of 60. Mrs. Johnson is not able to' do her house work. Her daughter who has done that has recently married but continues to help with that and spends 'much of her time with her mother. When this is no longer true it will be necessary to hire help which will cost $12.00 to $15.00 per week. They own no home and live in Company quarters.

Mrs. Johnson was 38 years of age at the time of the trial. She was working at a furniture store at the date of her injury and had been for six months, doing such work as she was called upon to do, such as. cleaning, handling the furniture and selling it. She had· previously worked in a dry goods store.

Defendant argues that plaintiff is a woman·without dependents of any sort; that she resides with her husband who gets $285.00 per month, sufficient for her reasonable support without recourse to the income from the rent property; that there is no evidence of any need for future hospitalization or doctor's bills on account of her injury. and that weekly payments will meet the expense of household help, and "Being. thus. in rather affluent circumstances it is not surprising that they

failed to suggest any reason whatsoever as to why 'manifest hardship and injustice' would result to Mrs. Johnson by defendant's paying her compensation to her in weekly installments." Fairly construed, we think, the position is, plaintiff is in no condition of poverty or need but her wants are fairly provided for and, therefore, hers is not a special case in which hardship and injustice will result if the compensation be not paid in a lump sum. But a special case is not necessarily thus determined. The thrift, intelligence, foresight, habit of frugality, capacity to manage and keep the money may as well make a special case as poverty or need, and the statute, Vernon's Ann.Civ.St. art. 8306, § 15, leaves it to the trier of the facts as to what constitutes a special case under the facts in a given case, Consolidated Underwriters v. Saxon, Tex. Com.App., 265 S.W. 143, 146, and in such case the court or jury are not confined to a consideration of the "paucity or profuseness" of the claimant's earning capacity or income, same case, and Gulf Casualty Company v. Garner, Tex.Civ.App., 48 S.W. 2d 746 (e.r.). It is said in the first case cited to pay one with capacity in weekly payments rather than in a lump sum might work the greatest hardship, because of the ability to use the whole of the liability more beneficially and profitably. Based on this consideration, among others, it has been held a lump sum will be allowed in order that the claimant may invest in a business of his own, same case, and Indemnity Insurance Co. v. Wright, Tex.Civ.App., 69 S.W.2d 438 and the cases there cited. After all, the compensation payments are provided for the benefit of the insured and not for the benefit of the Company. The insurer is in nowise the victim of any hardship, because the lump sum is discounted and only its present value paid, and it suffers in no respect regardless of the manner of payment.

■ In the instant case, aside from the plaintiff's inability to labor as she has heretofore, and to keep her house and the financial status of the family, it is shown that she preferred to work and did work and earn herself, regardless of the reason or reasons therefor; that she must from necessity have a certain familiarity with business and its conduct in certain lines at least; that her husband is sixteen years her senior and approaching the retirement age, from all of which and the observation of her the jury might reasonably have concluded hers is a special case, which is a pure question of fact for their determination, the Gulf case supra and the case there cited, to which might be added a large number of authorities, and that determination and the exercise of the discretion thus vested is not to be disturbed except for a manifest abuse, Texas Employers' Ins. Ass'n v. Downing, Tex.Civ.App., 218 S.W. 112 (e.r.), which is not here shown.

■ The second point is predicated on the argument of counsel. It is made to appear that plaintiffs' counsel in his closing argument made the following statement to the jury: "They holler about Dr. Munk. Counsel knows just as well as I know and you know just as well as either of us know that they can bring him in here on this stand and they have just as much right as we do." Proper objections were made and exceptions taken.

Dr. Munk has attended plaintiff since her injury but did not testify in the case, though he resides in the county seat where the case was tried. The bill of exception discloses, and there is no dispute about it, that defendant's counsel in his argument to the jury and prior to the argument complained of, had said: "That Mrs. Johnson had been treated by Dr. Munk a local doctor at the time she claims she was injured and she has gone to Dr. Munk as her own physician and yet, when she got ready to try this lawsuit, she went to Abilene and had an examination by Dr. Tull on May 19, 1947, and had brought Dr. Tull to Monahans, to testify and had not used Dr. Munk, the physician of her own choice to whom she had gone for treatment * * * that if she was really injured she would have brought Dr. Munk into Court to testify."

The argument complained of was clearly invited by the argument made by defendant's counsel and was a legitimate reply thereto. This is so elementary the citation of authorities is thought not necessary but

we cite the case listed in plaintiffs' brief as directly in point, Smerke v. Office Equipment Company, 138 Tex. 236, 158 S.W. 2d 302.

We are of the opinion no trial error is shown and the judgment of the trial court is affirmed.