**TEXAS EMPLOYERS' INS. ASS'N**

v.

**HAMILTON.**

No. 6714.

Court of Civil Appeals of Texas.

Texarkana.

April 1, 1954.

Rehearing Denied April 22, 1954.

Ramey, Calhoun, Brelsford & Hull, Vincent Ferrell, Tyler, for appellant.

Gordon R. Wellborn, Rex Houston, William L. Ferguson, Henderson, for appellee.

FANNING, Justice.

This is a workmen's compensation case. Billy Hamilton, a minor, by next friend, Jim Hamilton, sued to set aside an award of the Industrial Accident Board and to collect compensation insurance for injuries sustained while an employee of Zephyr Oil Company. Upon trial by jury the court rendered judgment for appellee awarding lump sum recovery in the amount of $8,-864.91. The defendant, Texas Employers' Insurance Association, has appealed.

■ Appellant's first point is as follows: "The error of the court in rendering judgment (in excess of the minimum) based upon a finding of average weekly wage under Subsection 2, Article 8309, Vernon's Ann.Civ.St., Special Issue No. 10, and Subsection 3, Article 8309, Special Issue No. 11; said findings being contradictory and in irreconcilable conflict and cannot properly be made the basis for a judgment."

Special Issue No. 10, which was answered "($10.30) Ten Dollars and Thirty Cents," reads: "If you have answered Special Issue No. 9 by 'yes', and in that event only, then you will answer this issue: What do you find from a preponderance of the evidence to be the average daily wage of such other employee, if any you have found? Answer in dollars, if any, and in cents, if any."

Special Issue No. 11, which was answered "($61.80) Sixty-one Dollars and Eighty Cents," reads: "From a preponderance of the evidence what sum of money do you deem just and fair to both plaintiff and defendant, to be the average weekly wage for plaintiff for the year immediately preceding February 18, 1952? Answer in dollars, if any, and cents, if any."

The jury found in response to special issue No. 8 that appellee "did not work substantially the whole of the year immediately preceding February 18, 1952, etc." The jury also found in response to special issue No. 9 that "there was an employee of the same class as Billy Hamilton working substantially the whole of the year immediately preceding February 18, 1952, in the same or similar employment, in the same or a neighboring place."

The evidence clearly supports the findings of the jury as to special issues Nos. 8, 9, 10 and 11. Neither the award in the judgment for compensation at the rate of $25 per week nor the recitals in the judgment dis-

close whether the award is based on special issue No. 10, or on special issue No. 11, or on both of them. In the instant case the compensation weekly benefits, calculated under the jury's findings to special issues Nos. 10 and 11, would exceed the maximum benefits of $25 per week allowed under section 10 of Art. 8306, Vern.Ann.Texas Civil Statutes, as amended by the acts of our 50th Legislature in 1947, when calculated under subsections 2 or 3 and 5 of art. 8309, Vernon's Ann.Tex.Civ.St.

We overrule appellant's first point on authority of the decision of this court in cause No. 6733, Texas Employers' Ins. Ass'n v. Blanton, Tex.Civ.App., 266 S.W.2d 274, and we quote from this decision as follows: "Such a situation brings us to the decision in Southern Underwriters v. Gariepy, Tex.Civ.App., 105 S.W.2d 760, 762, which observed under a similar record on procedure as above stated, that 'according to the jury's findings he is entitled to recovery under first subsections 1 and 3 (here 2 and 3)'; and 'where findings of the jury on material issues are irreconcilable, contradictory, and conflicting,' concluded that 'judgment cannot properly be rendered thereon,' and 'the court should have declared a mistrial.'" The decision in Mullens v. Texas Indemnity Ins. Co., Tex.Civ. App., 158 S.W.2d 861, holds to the contrary. There the court concluded " 'Since the jury found in the case at bar the existence of the facts making the provisions of Subdivision 1 applicable and controlling, their further findings of the existence or nonexistence of the conditions set forth in Subdivisions 2 and 3 of the statute became wholly immaterial,' citing Texas Employers' Ins. Ass'n v. Clack, 134 Tex. 151, 132 S.W. 2d 399, and Petroleum Casualty Co. v. Williams, Tex.Com.App., 15 S.W.2d 553. In the instant case the compensation weekly benefits, calculated under the jury findings to special issues Nos. 11 or 13 would exceed the maximum benefits of $25 per week allowed under sec. 10 of art. 8306, Vern. Ann.Texas Civil Statutes, as amended by the Acts of our 50th Legislature in 1947, when calculated under subsecs. 2 or 3 [and 5] of art. 8309, supra. Because the alleged

conflict is here immaterial, in that the same award can be based upon either finding, the judgment is sustained under the holding of Mullens v. Texas Indemnity Ins. Co., supra."

■ Appellant's second point is as follows: "The error of the court in advancing the instant case over other cases on the docket, and overruling defendant's motion for continuance, and placing defendant to trial out of order."

Section (c) of Rule 330, T.R.C.P. (applicable to the District Court of Rusk County) provides in part as follows: "Cases may be postponed or continued by agreement with the approval of the court, *or upon the court's own motion* or for cause." (Emphasis ours.) It is stated in Tex.Jur., Vol. 9, p. 663, § 12: "The calling of a case for trial out of order in which it stands on the docket is not ground for continuance where no injury is shown, the trial court being vested by law with discretion in setting cases on his docket."

Appellee was injured on or about February 18, 1952; his case was filed on November 25, 1952, and on the call of the docket on January 5, 1953, this case and two other cases against the appellant were set for trial for February 2nd, 1953. Appellant in its motion to continue this case among other things stated that it had not prepared its case for trial at that time, it had no knowledge at that time whether it could secure its witnesses or not and that it had relied on the trial of another case (the Dumas case which was first set on the docket) first. Defendant in its motion stated that its rights would be materially prejudiced if the continuance was denied, but did not state how or in what particulars its rights would be prejudiced.

The record shows that appellant produced five witnesses, including two doctors who had examined appellee. The record does not show that the action of the trial court in overruling the motion for continuance in any way prevented the appellant from producing any witness at the trial of this case. It is our opinion that the record does

not show an abuse of discretion on the part of the trial judge in overruling the motion for continuance. See the following authorities: City of Beaumont v. Dougherty, Tex.Civ.App., 298 S.W. 631, affirmed in Tex.Com.App., 9 S.W.2d 1030; St. Louis B. & M. R. Co. v. Davis, Tex.Civ.App., 262 S.W. 923; Cain v. Farris, Tex.Civ.App., 212 S.W.2d 250; Cole v. Waite, Tex.Civ. App., 242 S.W.2d 936, affirmed in Tex.Civ. App., 246 S.W.2d 849. We overrule appellant's second point.

Appellant's third point is as follows: "The error of the court in submitting to the jury the question of lump sum payment (Special Issue No. 12) when it was not raised by the evidence."

The jury found that appellee was totally and permanently disabled and also found that payment of compensation in weekly installments to appellee rather than in a lump sum would result in a manifest hardship and injustice to appellee.

We have carefully considered the evidence and we hold it sufficient to authorize the submission of the question of lump sum payment (Special Issue No. 12) and we think the finding of the jury on this issue is sufficiently supported by the evidence under the following authorities: Texas Employers' Ins. Ass'n v. Rollins, Tex.Civ.App., 257 S.W.2d 851; Texas Employers' Ins. Ass'n v. Downing, Tex.Civ.App., 218 S.W. 112 (writ ref.); Federal Underwriters Exchange v. Brigham, Tex.Civ.App., 184 S. W.2d 849 (writ ref., w. o. m.); Texas Employers' Ins. Ass'n v. Long, Tex.Civ.App., 180 S.W.2d 629 (writ ref., w. o. m.); Texas Indemnity Ins. Co. v. Arant, Tex.Civ. App., 171 S.W.2d 915 (error ref.); Traders & General Ins. Co. v. Johnson, Tex.Civ. App., 209 S.W.2d 996 (writ ref., n. r. e.). We overrule appellant's third point.

Having overruled all of appellant's points we deem it unnecessary to pass on appellee's objections to the consideration of appellant's points.

The judgment of the trial court is affirmed.