**TRAVELERS INSURANCE COMPANY,**
Appellant,

v.

Cellisteen McALLISTER et al., Appellees.

No. 7036.

Court of Civil Appeals of Texas.

Amarillo.

March 27, 1961.

Rehearing Denied April 24, 1961.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Key, Carr, Carr & Clark, Lubbock, for appellees.

DENTON, Chief Justice.

This is a Workmen's Compensation case in which Cellisteen McAllister and Glen View Holmes, the divorced parents of Joe Glen Holmes, were awarded death benefits under the Workmen's Compensation Act, Article 8306 et seq., Vernon's Ann.Civ.St., for the death of Joe Glen Holmes, against Travelers Insurance Company, appellant. The case was submitted to a jury, and

based upon the jury's answers to the special issues submitted, the trial court entered a judgment against appellant in the amount of $11,360.49 payable in a lump sum.

The deceased, Joe Glen Holmes, was an unmarried Negro boy 19 years of age, who was employed by Chalmers and Borton Construction Company as a common laborer. The company was in the process of constructing a cement grain elevator, and at the time of Holmes' fatal injury the top of the elevator extended some 125 feet above the ground. The evidence is undisputed that on the day in question all employees of the construction company were being given an hour for lunch which extended from 12:00 o'clock noon to 1:00 o'clock P.M. On other previous occasions the employees were given only 30 minutes for lunch, from 12:00 o'clock noon to 12:30 o'clock P.M. It is uncontradicted that Holmes met his death at approximately 12:35 o'clock P.M. on June 22, 1959, when he accidentally fell to the ground from the top of the elevator under construction. Several witnesses saw Holmes in various stages of the fall, but no one was able to explain his presence on top of the elevator during the lunch period. All construction work had stopped and apparently all workmen had been taken to the ground by means of a man-lift which was capable of carrying some eight men at a time. No witness testified that he saw Holmes on the ground during this lunch period, but Holmes' father testified his (Holmes') empty lunch pail was found in his automobile the next day when the father came to get his automobile. Holmes had been assigned to work on top of the elevator, and it is undisputed that he had been working there all morning prior to the lunch period. However, the record is silent as to why Holmes was on the elevator at the time he fell.

Appellant contends there was no evidence to support the jury's finding that the deceased was in the course and scope of his employment at the time of his death,

and that such finding was against the great weight and preponderance of the evidence. Appellant cites many cases supporting its contentions. Cases relied on by appellant include McKim v. Commercial Standard Ins. Co., Tex.Civ.App., 179 S.W.2d 357 (error refused); Fowler v. Texas Employers' Ins. Ass'n, Tex.Civ. App., 237 S.W.2d 373 (error refused); American Indemnity Co. v. Dinkins, Tex. Civ.App., 211 S.W. 949 (error refused); Lumbermen's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S.W. 72, 28 A.L.R. 1402; Smith v. Texas Employers' Ins. Ass'n, 129 Tex. 573, 105 S.W.2d 192.

Appellees also cite many cases to support their position that Holmes was within the scope of his employment at the time he received his fatal injury. These cases include Texas Employers' Ins. Ass'n v. Davidson, Tex.Civ.App., 295 S.W.2d 482 (n. r. e.); Lumbermen's Reciprocal Ass'n v. Behnken, supra; Associated Employers Lloyds v. Wiggins, Tex.Civ.App., 208 S. W.2d 705 (error refused, n. r. e.); Indemnity Ins. Co. of North America v. Wright, Tex.Civ.App., 69 S.W.2d 438 (error dismissed). In our opinion none of the cases cited by either party are controlling here. All cases cited and all that we have found from an independent search may be distinguished from the instant case on some phase of the facts.

It is uncontradicted that the deceased received his fatal injury during the lunch period, and that he not only was on the premises but he fell from a place he was authorized to be. The employer had no objection to employees eating their lunch on top of the elevator. Although no witness positively testified that he saw Holmes on the ground between 12:00 o'clock noon and the time he fell, the construction superintendent was allowed to testify his subsequent investigation revealed Holmes was seen on the ground during that period. However, we do not view this latter testimony as material to this case. In light of all the evidence and inferences that may be drawn therefrom, we think it can be reasonably

concluded that Holmes either remained on top of the elevator during the lunch period, or had returned there after eating his lunch for some purpose connected with his employment. There is a complete absence of any evidence to indicate he was on the elevator for some personal mission. There is absolutely nothing in the record to indicate he had in any way shed his role as an employee. We are of the further opinion that the hazard he and his fellow employees were exposed to was clearly incidental to and arose out of their employment. The fact the employer provided safety belts for some of the employees does not alter but rather strengthens this conclusion.

■ The crux of appellant's position is that appellees failed to discharge their burden of proof to show Joe Glen Holmes was engaged in any employment for his employer and was not engaged in the furtherance of the work of his employer at the time of his death. This contention is based on the premise the accident occurred during the lunch period while the work of the employer was generally suspended. Appellant has cited no case and we have found none which holds that an injury received during the lunch period is not compensable as a matter of law. On the contrary numerous cases including several Texas cases have held such injuries compensable. Texas Employers' Ins. Ass'n v. Davidson, supra; Thomas v. Proctor & Gamble Mfg. Co., 104 Kan. 432, 179 P. 372, 6 A.L.R. 1145; Milwaukee Western Fuel Co. v. Industrial Commission, 159 Wis. 635, 150 N.W. 998; see also 6 A.L.R. 1151. These cases hold the master and servant relationship in Workmen's Compensation cases is not suspended during the noon hour where the master expressly or by implication invites his employees to remain on the premises in the vicinity of the work. Under the facts and circumstances established by this record, we concur in this holding.

■ After carefully reviewing the authorities and the record before us, we conclude the evidence sustained the jury's finding that Joe Glen Holmes received his fatal injury in the course and scope of his employment.

■ In answer to one special issue, the jury found it would result in manifest hardship and injustice to both plaintiffs if compensation was paid to them in weekly installments rather than in a lump sum. Appellant contends the issue as framed was duplicitous in that it referred to both plaintiffs who were previously divorced and living apart at the time of the trial. Appellant further contends the issue was not supported by any evidence as it pertained to Cellisteen McAllister. It is undisputed that both Mrs. McAllister and Glen View Holmes are beneficiaries under the Workmen's Compensation Act. By framing the issue to include both plaintiffs perhaps the court placed a more onerous burden on them than is required. This could not be complained of by the appellant. We fail to see how the issue as framed could in any way be harmful to the rights of appellant. We reach the same conclusion as to appellant's contention the issue was not supported by any evidence.

■ Evidence as to Mrs. McAllister's financial circumstances was rather meager, but she and her present husband were day laborers and adverse weather conditions often prevented them from working regularly. She testified that they were in a "financial tight" and that they were "trying to buy a home." As we construe the cases on this question, it is not necessary to show a beneficiary is in a condition of poverty or dire need in order to constitute a special case to justify awarding a lump sum under Article 8306, Sec. 15, V.A.C.S. This Article leaves it to the trier of the facts as to what constitutes a special case under the facts in a given case. Consolidated Underwriters v. Saxon, Tex.Comm.App., 265 S.W. 143; Traders & Gen. Ins. Co. v. Johnson, Tex.Civ.App., 209 S.W.2d 996 (writ refused, n. r. e.). It is further well settled that the question of a lump sum payment under the Workmen's Compensation Act is

a matter for the sound discretion of the trial court and the trial court's decision should not be disturbed on appeal unless a manifest abuse of discretion is shown. Texas Employers' Ins. Ass'n v. Rollins, Tex.Civ.App., 257 S.W.2d 851 (no writ history); Texas Employers' Ins. Ass'n v. Downing, Tex.Civ.App., 218 S.W. 112 (writ refused); Texas Indemnity Ins. Co. v. Arant, Tex.Civ.App., 171 S.W.2d 915 (refused, w. o. m.).

After reviewing the record we are of the opinion there was no apparent abuse of discretion by the trial court. However, if such was error we think it was harmless in so far as appellant is concerned since the amount to be received by appellees is discounted for lump sum payment. Indemnity Ins. Co. of North America v. Carrell, Tex.Civ.App., 318 S.W.2d 744.

The judgment of the trial court is in all things affirmed.